UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURTIS RICE, | Docket No. 1:19-cv-10466 |
| Plaintiff, | |
| - against - | JURY TRIAL DEMANDED |
| VOX MEDIA, INC. | |
| Defendant. | |

## COMPLAINT

Plaintiff John Curtis Rice ("Rice" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Vox Media, Inc. ("Vox Media" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Teri Slater and Elaine Walsh, owned and registered by Rice, a New York based professional photographer. Accordingly, Rice seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant reside and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Rice is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 777 Kappock Street, Bronx, New York 10463.

6. Upon information and belief, Vox Media is a foreign business corporation duly organized and existing under the laws of the state of Delaware with a place of business at 85 Broad Street, New York, New York 10004. Upon information and belief, Vox Media is registered with the New York State Department of Corporations to do business in New York. At all times material, hereto, Vox Media has owned and operated a website at the URL: www.NY.Curbed.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photograph**

7. Rice photographed Teri Slater and Elaine Walsh (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Rice then licensed the Photograph to the New York Post. On June 17, 2012, the New York Post ran an article that featured the Photograph on its web edition entitled *UES residents protect gaudy 'illegal' signs at Best Buy, Staples*. See: https://nypost.com/2012/06/17/ues-residents-protest-gaudy-illegal-signs-at-best-buy-staples/. Rice's name was featured in a gutter credit identifying him as the photographer of the

Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Rice is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-114-572.

### B. Defendant's Infringing Activities

11. Vox Media ran an article on the Website entitled *UES Residents Fighting Against Store Signage. See:* https://ny.curbed.com/2012/6/17/10361280/ues-residents-fighting-against-store-signage. The article featured the Photograph. A screenshot of the Photograph on the article is attached hereto as Exhibit C.

12. Vox Media did not license the Photograph from Plaintiff for its article, nor did Vox Media have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Rice first discovered the Photograph on the Website in July 2018.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST VOX MEDIA)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

14. Vox Media infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Vox Media is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Vox Media have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST VOX MEDIA
### (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, in its article on the Website, Vox Media copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating "JC Rice" and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

20. The conduct of Vox Media violates 17 U.S.C. § 1202(b).

21. Upon information and belief, Vox Media falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

22. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Vox Media intentionally, knowingly and with

the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Vox Media also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

23.     As a result of the wrongful conduct of Vox Media as alleged herein, Plaintiff is entitled to recover from Vox Media the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Vox Media because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

24.     Alternatively, Plaintiff may elect to recover from Vox Media statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Vox Media be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Vox Media be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either:
   a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded punitive damages for copyright infringement;

8. That Plaintiff be awarded attorney's fees and costs;

9. That Plaintiff be awarded pre-judgment interest; and

10. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 11, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff John Curtis Rice*